THE STATE, EX REL. WILLIAM H. CAMPBELL ET AL., RELATORS, v. JOSEPH G. CHAMPION ET AL., RESPONDENTS.

Argued October 4, 1927—Decided October 26, 1927.

**Municipalities—Quo Warranto—Contest for Municipal Office—Writ Issued Under Section One of Act—Relators Were at Liberty to Invoke Provisions of Section Four—Motion to Quash on Ground That Notice Had Not Been Given—Held, That it Seems Needless to Enforce the Strict Practice Where the Relators Were Entitled as of Right to File Information Upon Giving Security for Costs—Motion to Quash Denied Upon Terms That Bond be Given to Secure Costs as Provided in Section Four.**

On motion to quash information in the nature of a writ of *quo warranto.*

Before Justices PARKER, MINTURN and CAMPBELL.

For the relators, *Clarence L. Cole.*

For the respondents, *Emerson Richards.*

PER CURIAM.

This is a contest for municipal office. *Campbell* v. *Champion,* 138 *Atl. Rep.* 529; 5 *N. J. Mis. R.* 889. Relators, instead of taking advantage of the act of 1884, page 320, now section 4 of the *Quo Warranto* act *(Comp. Stat., p.* 4212), dispensing with leave of the court, seem to have proceeded under section 1 of the latter act, for ·they applied to Mr. Justice Campbell and obtained his consent to filing the information. They were at liberty to invoke either section 1 or section 4. Application was made to Mr. Justice Campbell to vacate his consent, which he refused to do, *ubi supra,* and similar application is now made to· the court. *Key* v. *Paul,* 61 *N. J. L.* 133.

The first ground of the motion is that the judicial consent was given without any rule to show cause or other notice to respondents, as required by the practice. *Miller* v. *Seymour,* 67 *N. J. L.* 482. It may be conceded that consent was improvidently given, and that in strictness the information might and probably should be quashed. Miller *v.* Seymour (at *p.* 485). This, however, would only lead to a new application followed by a rule to show cause, and involving a reiteration of the arguments on the merits already had before Mr. Justice Campbell and before this court *in banc;* and if the relators have a meritorious case such rule should be made absolute. It seems needless to go through this procedure in a case wherein relators were entitled as of right to file an information upon giving security for costs, in view of the fact that respondents have twice been fully heard as though in opposition to the rule; and therefore, if we conclude that the case shows merit, it is convenient to let the allowance stand, saving to respondents all proper opportunity of defense.

On the merits the argument is that the proceeding is an attack on the office itself and not on the incumbent. This was decided adversely by Mr. Justice Campbell, and we agree with his views as unofficially reported.

The further point is made that no bond was made and approved as required by section 5 (*Comp. Stat., p.* 4213). But this requirement of a bond relates only to procedure under section 4, which is section 2 of the act of 1884.

The motion to quash the information will be denied, but without costs; on terms, however, that each relator forthwith furnish a bond to the defendants to secure costs as though this action rested upon section 4; and thereupon the cause may proceed as provided in sections 6, *et seq.*